IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERTA D. QUALLS                                                                                        PLAINTIFF

vs.                                             Civil No. 2:09-cv-02026

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Roberta D. Qualls ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed her applications for disability benefits on February 3, 2006. (Tr. 11, 37). Plaintiff alleged she was disabled due to fibromyalgia, "bowel movement problems," and ulcers. (Tr. 65). Plaintiff alleged an onset date of September 1, 2004. (Tr. 11). These applications were initially denied on April 10, 2006 and were denied again on reconsideration on August 22, 2006. (Tr. 35-36, 176-177). On September 1, 2006, Plaintiff requested an administrative hearing

1

on her applications. (Tr. 34). This hearing request as granted, and an administrative hearing was held on October 30, 2007 in Fort Smith, Arkansas. (Tr. 196-233). Plaintiff was present and was represented by counsel, Terry Diggs, at this hearing. *See id.* Plaintiff, Plaintiff's mother (Mary Higginbotham), and Vocational Expert ("VE") Sarah Moore testified at this hearing. *See id.*

On March 20, 2008, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 11-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2009. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2004, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: myalgias, peptic ulcers, history of pulmonary embolism, dysthymia, and somatoform pain disorder. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 13-17). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of her subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently, 20 pounds occasionally, and to stand and/or walk for a total of hours [sic.] in an 8-hour workday with normal breaks. From a mental standpoint, she has mild limitations in the ability to understand and remember complex instructions, make judgments on simple work-related decisions, and interact appropriately with the public, supervisors, and co-workers. She has moderate limitations in the ability to carry out complex instructions, make judgments on complex work-related decisions,

and respond appropriately to usual work situations and changes in a routine work setting. Her GAF score of 55-60 supports these moderate symptoms or difficulty in social, occupational, or school functioning.

(Tr. 13-14, Finding 5).

It does not appear the ALJ referenced Plaintiff's age in his opinion. (Tr. 11-18). Based upon the social security records, Plaintiff was born on August 22, 1961 and was forty-six (46) on the date of the ALJ's decision. (Tr. 37). At that age, Plaintiff was classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008). *See id.* It also appears the ALJ did not discuss Plaintiff's educational level at either the administrative hearing (Tr. 196-233) or in his opinion (Tr. 11-18).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 230-231). Based upon her testimony, the ALJ found Plaintiff's PRW included work as a waitress (semi-skilled, light work). *See id.* After reviewing her RFC, the ALJ determined Plaintiff retained the ability to perform this PRW as a waitress. (Tr. 17-18, Finding 6). The ALJ then determined that because Plaintiff retained the RFC to perform her PRW, she had not been under a disability, as defined by the Act, from September 1, 2004 through the date of his decision or through March 20, 2008. (Tr. 18, Finding 17).

On April 17, 2008, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On February 20, 2009, the Appeals Council declined to review the ALJ's decision. (Tr. 3-5). On March 19, 2009, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 6-9). In her appeal, Plaintiff raises one issue: whether the ALJ performed a proper *Polaski* analysis in evaluating her subjective complaints. *See id.* Plaintiff argues the ALJ chose to find she was not disabled "[d]espite her statements and those of her mother, and the corroborating medical evidence in the record." *See id.* In response, Defendant argues the ALJ properly considered, and discounted, Plaintiff's subjective complaints of pain. (Doc. No. 8, Pages 10-11). Defendant argues: "It is respectfully submitted that the ALJ discussed subjective factors such as medication, treatment, activities and other relevant factors throughout the body of his decision." *See id.*

This Court has reviewed the transcript in this case and finds the ALJ did not perform a proper credibility evaluation as required by *Polaski*. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.

5

1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper analysis as required by *Polaski*. (Tr. 11-18). As an initial matter, the ALJ did not even cite to the *Polaski* case. (Tr. 14-17). While this omission alone does not justify a remand, the ALJ's failure to cite *Polaski* and the *Polaski* factors indicates he did not seriously consider those factors. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (holding that citing to *Polaski* is the "preferred practice").

The ALJ's failure to take the requirements of *Polaski* seriously is further highlighted by his review of Plaintiff's subjective complaints. In his opinion, the ALJ provided a cursory review of Plaintiff's medical records, and then the ALJ discounted Plaintiff's subjective complaints for the following reasons:

> . . . two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be *objectively verified* with any reasonable degree of certainty. Secondly, even if the claimant's daily activities *are truly as limited as alleged*, it is difficult to attribute that degree of limitation to the claimant's medical condition, *as opposed to other reasons*, in view of the evidence and other factors discussed in this decision. . . .

(Tr. 17) (emphasis added).

For his first reason, the ALJ essentially found Plaintiff's subjective complaints were not credible because they could not be objectively verified by the medical records. Such a finding is contrary to the requirements of *Polaski*, which expressly forbids basing a credibility determination upon objective medical evidence alone. *See Polaski,* 739 F.2d at 1322. Further, the ALJ's second reason for discounting Plaintiff's subjective complaints is nonsensical. (Tr. 17). The ALJ found Plaintiff's limitations may be attributed to "other reasons" apart from her "medical condition." However, while the ALJ stated Plaintiff's limitations may be attributed to "other reasons," he did not state the potential "other reasons" that may have caused Plaintiff to be so limited. (Tr. 14-18).

7

It is also unclear from the record what "other reasons" could exist. Accordingly, because both of these bases for discounting Plaintiff's subjective complaints are inadequate, the *Polaski* analysis was insufficient, and this case must be reversed and remanded so that the ALJ may further consider Plaintiff's subjective complaints and comply with *Polaski*.[2]

4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record. Accordingly, this Court recommends this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of March, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] This remand is for the limited purpose of affording the ALJ the opportunity to comply with the requirements of *Polaski*. This remand order should not be interpreted as an order directing the ALJ to award benefits on remand.